IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMMANUEL PAGE,

                      Plaintiff,                      OPINION AND ORDER

     v.

                                                        23-cv-17-wmc

CLINTON F. BRYANT, L. WEBER, LEINWEBER,
SERGEANT ANDERSON, SERGEANT BROWN, and
SERGEANT DURAN,

                      Defendant.

Plaintiff Emmanuel Page, an inmate representing himself, alleges that he was housed at Oakhill Correctional Institution in a dilapidated room where paint chips, dust and plaster constantly fell on his bed, worsening his asthma, COPD and eczema.[1]  The court granted Page leave to proceed on several claims, including an Eighth Amendment medical care claim against Sergeant Curtis Anderson.  (Dkt. #8, at 4-5.)  Specifically, he alleged that Anderson did not act after being told that the debris worsened his medical conditions.  Now before the court is Anderson's motion for partial summary judgment on the ground that Page failed to exhaust his administrative remedies as to his Eighth Amendment medical care claim, which must be granted as explained below.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In other words, a prisoner must follow all the prison's rules for completing its grievance process.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes, in relevant part, compliance with instructions

---

[1] Specifically, Page was housed in a so-called "cottage."

for filing an initial, administrative grievance. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005).

This exhaustion requirement is mandatory to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Wisconsin prisoners start the administrative process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). The inmate complaint may only contain "one clearly identified issue" that the inmate seeks to raise. *Id.* § 310.07(5).

Here, defendant Anderson seeks summary judgment because plaintiff never filed a complaint alleging any failure on his part to obtain or provide medical care. Plaintiff filed one inmate complaint relating to the alleged incident with Anderson -- OCI-2022-7121. (Ex. 1001 (dkt. #17-2) 12-14.) In that complaint, plaintiff claimed that his room needed to be exterminated because there were ants in his room and debris was falling on his bed. Plaintiff further alleged that he showed Sergeant Anderson the ants in his bed, where the ants entered the room, and the debris that fell onto his bed. Plaintiff then claimed that Anderson told him that a work order had been submitted to repair the wall.

However, plaintiff did not mention that the state of his room was impacting his medical conditions. He implicitly concedes that he did not file an inmate complaint about the effect

2

of the room conditions on his health, asserting that the room conditions and his worsening medical conditions were closely linked, relieving him of any obligation to file a complaint specifically addressing his medical conditions. Further, in an affidavit, plaintiff asserts that he "informed" Anderson that the dilapidated room conditions were negatively affecting his health in May 2022. (Page Aff. (dkt. #19) 3.) Finally, plaintiff adds that he complained to the unit manager and other corrections officers about the room conditions and its impact on his health. (*Id.* at 4.)

Unfortunately, plaintiff's actual allegations in his inmate complaint were insufficient to put the prison on notice that he was seeking redress for Anderson's failure to get him medical treatment. An inmate's complaint "will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quotation marks omitted). Since there is no dispute that plaintiff's inmate complaint did not mention his medical conditions at all, much less state that the room conditions were worsening them, he gave insufficient notice of his claim that Anderson should be held accountable for not getting him treatment. *See Northern v. Dobbert*, 816 F. App'x 11, 14 (7th Cir. 2020) (inmate's brief mention of inadequate wound care was insufficient to put the prison on notice that inmate sought redress for inadequate medical care).

While plaintiff responds that he implicitly raised a medical care issue in complaining about his room conditions more generally, and that he also tried to informally raise the matter with Anderson, these arguments are unpersuasive under current Seventh Circuit case law. First, factually, his inmate complaint did *not* clearly identify that he sought redress for inadequate medical treatment, having not even alluded to his special medical conditions. Thus, plaintiff failed to provide the prison notice of the nature of the wrong he sought to redress. *Schillinger*,

954 F.3d at 995. Second, plaintiff's informal attempt to address the issue with Anderson or other prison staff was not enough to exhaust the issue because resolving an issue informally through the chain of command is *not* a substitute for filing a formal inmate complaint. *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

Accordingly, this court must dismiss plaintiff's claim, albeit without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means plaintiff can refile this claim if he can successfully exhaust it, but he will likely find it impossible to file a proper grievance now because the relevant events happened too long ago.

## ORDER

IT IS ORDERED that defendant Curtis Anderson's motion for partial summary judgment, dkt. #15, is GRANTED and plaintiff Emmanuel Page's Eighth Amendment medical care claim against Anderson is DISMISSED WITHOUT PREJUDICE for Page's failure to exhaust his administrative remedies as to that claim before filing suit.

Entered this 18th day of January, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge